Minute Order Form (05/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | W. Thomas Rosemond Jr. |
|---|---|---|---|
| **CASE NUMBER** | 92 C 3451 | **DATE** | 3/29/2001 |
| **CASE TITLE** | Mid-America Tile, Inc. vs. Bi Marmi, S.P.A. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Magistrate Judge's <u>Report</u> recommending that the District Judge deny <u>Mid-America Tile, Inc.'s Motion For Relief From Judgment Pursuant To Fed. R. Civ. P. 60(b)</u> is hereby entered of record.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 3 0 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 32 |
| ✓ | Copy to judge/magistrate judge. | | |
| SEC/CAL | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MID-AMERICA TILE, INC., )
an Illinois corporation, )
)
Plaintiff, )
) Case No. 92 C 3451
v. )
) Judge Conlon
BI MARMI, S.P.A., )
an Italian entity, )
)
Defendant. )

**REPORT AND RECOMMENDATION**

TO: **SUZANNE B. CONLON**
    **UNITED STATES DISTRICT COURT JUDGE**

For the following reasons, the Magistrate Judge hereby recommends that <u>Mid-America Tile, Inc.'S Motion For Relief From Judgment Pursuant To Fed. R. Civ. P. 60(b)</u> be denied.

**PROCEDURAL BACKGROUND**

On October 6, 1999, Magistrate Judge Keys recommended that Bi Marmi's <u>Motion to Set Aside Default Judgment</u> be granted and the default judgment vacated.[1] No objections to the <u>Report and Recommendation</u> were filed.

On November 12, 1999, the District Judge entered an order affirming and accepting the Magistrate Judge's recommendations and, further, dismissed the case <u>sua sponte</u> pursuant to Federal

---

[1] <u>Minute Order</u>, Docket Entry No. 25 (Oct. 6, 1999).

Rules of Civil Procedure 4(m).[2] Plaintiff did not appeal the Order to the United States Court of Appeals for the Seventh Circuit or file a Rule 59(e) motion for reconsideration before the District Judge. On July 26, 2000, Plaintiff filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).

**STANDARD**

Federal Rule of Civil Procedure ("Rule") 60(b) "governs collateral attack on a final judgment rendered" by the District Court.[3] After 30 days, a litigant may not utilize a Rule 60(b) motion to present any argument which could have been used to obtain reversal through a direct appeal.[4] This prevents parties from using Rule 60(b) to bring untimely appeals.[5] A litigant may use a Rule 60(b) motion to argue that a judgment must be vacated for other reasons, including situations where the judgment was void, the judgment was fraudulently obtained, or newly discovered evidence should be considered.[6]

---

[2] Minute Order, Docket Entry No. 26 (Nov. 12, 1999).

[3] Bell v. Eastman Kodak Co., 214 F.3d 798, 800 (7th Cir. 2000); see also Townsend v. Terminal Packaging Co., 853 F.2d 623, 624 (8th Cir. 1988) (after 30 days, a Rule 60(b)(6) motion may not address an error correctable by direct appeal); Pierre v. United Mine Workers, 770 F.2d 449, 451 (6th Cir. 1985).

[4] Bell, 214 F.3d at 801.

[5] Bell, 214 F.3d at 801.

[6] Bell, 214 F.3d at 801.

## ANALYSIS

**Mid-America Tile, Inc. may not argue errors of law or fact.**
Mid-America Tile, Inc. ("Mid-America") may not argue that the District Judge's November 12, 1999 Minute Order contained an error of law or was founded on a mistaken fact. Such arguments have been waived because they were not timely argued in either a Rule 59(e) motion for reconsideration or an appeal to the Seventh Circuit.[7] Therefore, we cannot consider Mid-America's argument that there was good cause for failing to effect timely service of process or that the Court should have permitted an extension of time for service.

We also cannot consider Mid-America's argument that the Order setting aside the default judgment should be reversed. Mid-America has waived its right to argue this issue by **(1)** failing to object to the Magistrate Judge's Report; **(2)** failing to bring a Rule 59(e) motion to reconsider; and **(3)** failing to timely appeal the District Judge's Order (entering the Report) to the Seventh Circuit.

**The Judgment is not void for lack of due process.** Rule 60(b)(4) allows relief from a judgment if the judgment is void.[8] A judgment is void if the court acted in a manner inconsistent

---

[7] E.g., Bell, 214 F.3d at 801.

[8] Fed. R. Civ. P. 60(b)(4).

-3-

with due process.[9] Mid-America asserts that it was denied due process because its case was dismissed pursuant to Rule 4(m) **sua sponte** without providing Mid-America any opportunity to argue the merits of dismissal.

There was no due process deprivation. Mid-America had the opportunity to either bring a Rule 59(e) motion for reconsideration or to appeal the dismissal to the Seventh Circuit. Mid-America failed to undertake either of these options. Mid-America had due process but failed to properly utilize it.

**Mid-America's "excusable neglect" argument also fails.** Mid-America brings an "excusable neglect" argument under Rule 60(b)(1). Mid-America asserts that it was "excusable neglect" that its former counsel failed to raise the issue of Bi Marmi's 1992 letter to the Court while the Court decided Bi Marmi's Motion to Set Aside Default Judgment.

Even assuming for the sake of argument that Bi Marmi's letter constituted consent to the jurisdiction of the United States District Court for the Northern District of Illinois (which it clearly was not), we cannot consider this issue now because it is an issue that should have been timely appealed to the Seventh Circuit. If the Court's lack of knowledge of the existence of the 1992 letter would have changed its decision,

---

[9] Margoles v. Johns, 660 F.2d 291, 295 (7th Cir. 1981).

then the lack of knowledge would amount to a mistake or misapprehension of underlying fact which could have been appealed to the Seventh Circuit.

Even if we were to consider the letter, it would not support reversal of the Court's previous decision. The letter was written on September 18, 1992.[10] Default Judgment had already been entered against Bi Marmi on August 25, 1992; albeit incorrectly, for Bi Marmi had up until that time never voluntarily submitted to the personal jurisdiction of the Court, nor had it ever been properly served with service of process. In any event, the post-judgment letter confirms Bi Marmi's intent **not** to submit to American court jurisdiction. It states in pertinent part as follows:

\* \* \* \* \*

> The case was handed over to the Law Court in Trani [Italy] since March 1991; the suit is still pending and in that suit Mid-America, Inc. is constituted and is regularly represented by its own defense attorney Nicola Laurora established as lawyer in Trani.
>
> It follows that the Court's action before the District Court of Illinois is inadmissible and that **an eventual settlement of the dispute can only be conducted before Trani Law Court** which was previously charged to deal with the case.[11]

---

[10] Mid-America's Motion for Relief from Judgement Pursuant to Rule 60(b), Ex. 7.

[11] Id. (emphasis added).

Additionally, Mid-America cites no cases which suggest that a letter of this nature is legally sufficient to confer personal jurisdiction. The closest Mid-America comes is a case which held that a telephone conference call was sufficient to submit to personal jurisdiction.[12] However, the record herein provides no basis upon which to hold that Bi Marmi's letter constitutes submission to the personal jurisdiction of an American court.

Finally, although Rule 60(b)(6) allows relief for any other reason justifying relief from the operation of the judgment, it should only be used in exceptional or extraordinary circumstances.[13] Mid-America's current predicament is of its own making. It is the result of a series of errors beginning with failure to properly effectuate service, continuing with failure to object to the Magistrate Judge's Report, and culminating in failure to either file a Rule 59(e) motion to reconsider or appeal the District Judge's Order to the Seventh Circuit. Moreover, it appears that Mid-America is not completely without any avenue of redress. Mid-America remains free to pursue its options as a litigant against Bi Marmi in the Italian Law Court in Trani. Consequently, we find no "exceptional" reason to relieve Mid-America from the Judgment.

---

[12] New York Life Ins. Co. v. Brown, 84 F.3d 137, 142 (5th Cir. 1996).

[13] Pierce, 770 F.2d at 451; Duran v. Elrod, 713 F.2d 292, 297 (7th Cir. 1983).

**Accordingly, it is adjudged, decreed, and recommended as follows:**

1. Mid-American Tile, Inc.'s Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) should be denied.

2. Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the parties must file their objections to the Report and Recommendation with The Honorable Suzanne B. Conlon within 10 days after being served with a copy of the Report. Failure to file objections within the specified time period waives the right to appeal the Magistrate Judge's Report.[14]

**So Recommended.**

Dated: March 29, 2001

W. Thomas Rosemond, Jr.
United States Magistrate Judge

---

[14] Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986). See also, The Provident Bank v. Manor Steel Corporation, 882 F.2d 258, 261 (7th Cir. 1989) (when a matter has been referred to a Magistrate Judge, acting as a special master or §636(b)(2) jurist, a party waives his right to appeal if he has not preserved the issues for appeal by first presenting them to the District Judge as objections to the Magistrate Judge's Report).